UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHAMPION TECHNOLOGIES, INC.
VERSUS
STEVE PARRISH, ET AL

CIVIL ACTION

NUMBER 12-197-JJB-SCR

### ORDER TO AMEND COMPLAINT

Plaintiff Champion Technologies, Inc., filed a Complaint for Preliminary Injunction and Damages alleging subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. The complaint names as defendants Steve Parrish and Premier Chemicals & Services, LLC. Plaintiff alleged that Parrish is "domiciled in Livingston Parish, Louisiana," and Premier Chemicals is "a limited liability company organized under the laws of the State of Louisiana and domiciled in East Baton Rouge Parish, Louisiana."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it

---

[1] Record document number 1, ¶¶ 2, 3. Plaintiff alleged that it is a Texas corporation with its principal place of business in Texas. *Id.* at ¶ 1.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Plaintiff's jurisdictional allegation regarding defendant Premier Chemicals & Services, LLC is not sufficient for the court to determine whether diversity jurisdiction exists. Neither the state where Premier Chemicals & Services, LLC is organized, nor the state where it has its principal place of business, determines its citizenship.

As to defendant Parrish, the where an individual is domiciled is usually the same as the state of which he is a citizen, but that is not always so. The better practice is to allege the state of which the individual is a citizen.

Therefore;

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D. La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

IT IS ORDERED that plaintiff Champion Technologies, Inc., shall have 14 days to file an amended complaint which properly alleges the citizenship of defendants Steve Parrish and Premier Chemicals & Services, LLC.

**Failure to comply with this order may result in the plaintiff's complaint being dismissed for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, May 29, 2012.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3